UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>GARY AARON KING,<br><br>　　　　　　　Defendant. | 5:24-CR-50031-KES<br><br>ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER AND AFFIRMING MAGISTRATE JUDGE'S DISCOVERY ORDER |

　　　Plaintiff, the United States of America, filed an indictment against defendant, Gary King, that charges him with multiple counts of wire fraud, bank fraud, mail fraud, and money laundering. Docket 1. King, who is living in Boulder, Colorado while on pretrial release, requests that the court waive the application and enforcement of District of South Dakota's Local Rule 16.1 so he can have unfettered and unsupervised access to his discovery materials. Docket 46 at 1, 5, 14. King argues that Local Rule 16.1 is invalid because it violates the United States Constitution and the Federal Rules of Criminal Procedure. *Id.* at 10-30. The United States opposes King's motion. Docket 52.

　　　The court referred King's motion to Magistrate Judge Daneta Wollmann under 28 U.S.C. § 636(b)(1)(A). The magistrate judge granted in part and denied in part King's motion. Docket 56. Specifically, the order waives the stipulation required under Local Rule 16.1 and allows King to review the discovery under the supervision of the Federal Public Defenders near King's home in Boulder. *Id.* at 9-11. But the magistrate judge found good cause to

deny King unfettered and unsupervised access to the discovery. *Id.* at 9. King now moves to reconsider the magistrate judge's order and has filed objections. Docket 57. King objects to the magistrate judge's order, arguing that she failed to address the validity of Local Rule 16.1. *Id.* at 1-6. King also objects to the magistrate judge's finding that good cause exists to place limitations on King's access to discovery materials. *Id.* at 6-10. The United States did not respond to King's motion to reconsider. The court issues the following order.

## PROCEDURAL BACKGROUND

On February 29, 2024, a grand jury indicted King with multiple counts of wire fraud, bank fraud, mail fraud, and money laundering. Docket 1. King, an insurance agent, allegedly "received premiums from various institutional clients, but failed to remit those premiums to the insurance companies that issued the policies." Docket 46 at 5. On March 7, 2024, King made an initial appearance and was released on a personal recognizance bond. Docket 6; Docket 7. During his time on pretrial release, King has been living in Boulder, Colorado. Docket 46 at 5.

At the initial appearance, the court entered its standard Due Process Protection Act discovery order, which orders the United States to disclose to King all exculpatory evidence in a timely manner as required under *Brady v. Maryland*, 373 U.S. 83 (1963). Docket 6; *see* Docket 56 at 1. That same day, the court appointed CJA panel attorney Jordan Bordewyk to represent King. Docket 6; Docket 10. Bordewyk signed a stipulation for the entry of the standard discovery order, and the court entered its discovery order pursuant to

2

Local Rule 16.1. Docket 12; Docket 14. Shortly thereafter, King retained attorney Matthew Kinney to represent him, so Bordewyk withdrew. Docket 20; Docket 15; Docket 24. Kinney signed the stipulation for entry of the standard discovery order, and once again the court entered its discovery order pursuant to Local Rule 16.1. Docket 25; Docket 26. Ten months later, Kinney moved to withdraw as King's attorney, and after a hearing, the court granted the motion. Docket 38; Docket 39; Docket 40.

On February 20, 2025, the court appointed CJA panel attorney John Murphy to represent King. Docket 41. King refused to permit Murphy to sign the discovery stipulation as required under Local Rule 16.1. *See* Docket 46 at 9. Instead, King moved for relief from application of Local Rule 16.1 and moved to compel the United States to produce the discovery in this matter. *See generally* Docket 46. King requested direct access to his discovery materials— without counsel's supervision—because (1) he has no criminal record; (2) he has no co-defendants or alleged co-conspirators; (3) he has never been alleged to have obstructed justice in this matter; (4) he lives in Boulder, Colorado— nearly six hours from defense counsel's office in Rapid City, South Dakota; and (5) his counsel does not have support staff, which severely burdens his counsel's practice. *Id.* at 5-6.

After reviewing King's motion, the magistrate judge found that "exceptions are allowable under the local rules" and permitted King to review discovery under the supervision of an attorney, paralegal, or investigator employed by the Federal Public Defender's office near King's residence in

3

Boulder, Colorado. Docket 56 at 9-11. But the magistrate judge found good cause to deny King unfettered and unsupervised access to the discovery materials. *Id.*

King now moves the court to reconsider the magistrate judge's order and has filed timely objections. Docket 57. Specifically, King objects to the magistrate judge's failure to address the validity of Local Rule 16.1. *Id.* at 1-6. King also objects to the magistrate judge's finding that good cause exists to place limitations on King's access to discovery materials. *Id.* at 6-10.

## LEGAL STANDARD

This court's review of a magistrate judge's discovery order is governed by 28 U.S.C. § 636(b)(1)(A) and Rule 59 of the Federal Rules of Criminal Procedure. The court may reconsider any non-dispositive pretrial matter referred to and determined by a magistrate judge. 28 U.S.C. § 636(b)(1)(A); Fed. R. Crim. P. 59(a). The court "must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a). Because a magistrate judge's discovery order does not dispose of a criminal defendant's charge or defense, it is considered non-dispositive and is therefore subject to clear error review. *See* 28 U.S.C. § 636(b)(1)(A). A finding is clearly erroneous "only if it is not supported by substantial evidence in the record, if it is based on an erroneous view of the law, or if [the Court is] left with the definite and firm conviction that an error was made." *E&I Glob. Energy Servs., Inc. v. Liberty Mut. Ins. Co.*, 134 F.4th 504, 511 (8th Cir. 2025) (citation omitted).

4

## DISCUSSION

"Criminal defendants do not have a general constitutional right to discovery." *United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000); *see also United States v. Altman*, 507 F.3d 678, 680 (8th Cir. 2007) ("Due process requires merely that the government disclose all material or potentially exculpatory evidence before the trial ends."). Because of this, "a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government." *Johnson*, 228 F.3d at 924.

Federal Rule of Criminal Procedure 16 requires the government, upon the defendant's request, to disclose "any relevant written or recorded statement by the defendant if the statement is within the government's possession, custody, or control" and the government knows, or could reasonably learn, that the statement exists. Fed. R. Crim. P. 16(a)(1)(B)(i). Additionally, upon the defendant's request, the government must allow the defendant to inspect and copy any documents, papers, photographs, or tangible objects that the government intends to offer in its case-in-chief at trial. Fed. R. Crim. P. 16(a)(1)(E). Rule 16 allows the court to "deny, restrict, or defer discovery or inspection, or grant other appropriate relief[,]" upon a showing of "good cause." Fed. R. Crim. P. 16(d)(1). "The good cause requirement does not mandate an individualized inquiry but an individualized inquiry assists a court in analyzing whether the moving party has met its burden of proof." *United States v. Driscoll*, 122 F.4th 1067, 1069-70 (8th Cir. 2024) (citation omitted); *see also United States v. Ladeaux*, 61 F.4th 582, 585-86 (8th Cir. 2023).

The Federal Rules also authorize district courts to promulgate local rules. *See* Fed. R. Crim. P. 57(a)(1). "[T]he application of local rules is a matter peculiarly within the district court's province." *Chrysler Credit Corp. v. Cathey*, 977 F.2d 447, 449 (8th Cir. 1992) (citation omitted); *see also Reasonover v. St. Louis Cnty.*, 447 F.3d 569, 579 (8th Cir. 2006) ("District courts have broad discretion to . . . enforce local rules.") (overruled on other grounds). But a district court's discretion in promulgating local rules is not unlimited. *Frazier v. Heebe*, 482 U.S. 641, 645-46 (1987). "A local rule must be consistent with—but not duplicative of—federal statutes and rules." Fed. R. Crim. P. 57(a)(1).

Pursuant to Rule 57, the District of South Dakota promulgated Local Rule 16.1. Local Rule 16.1 requires the United States and defense counsel to enter into a joint stipulation that "restricts dissemination of discovery materials and precludes defense counsel from giving discovery materials to the defendant without the court's express permission."[1] D.S.D. Crim. LR 16.1.

---

[1] After the United States files the joint stipulation signed by both parties, the court enters the following text order pursuant to Local Rule 16.1:

> TEXT ORDER REGARDING DISCOVERY. Upon the foregoing Stipulation and for good cause shown, it is hereby
>
> ORDERED that any discovery materials, including but not limited to statements and summaries of interviews of witnesses furnished by the prosecution to the defense, shall not be used by the Defendant or the attorney for the Defendant for any purpose other than in direct relationship to this case. Without permission of the Court, defense counsel shall not photocopy the materials or provide them to any third party, except to make copies for use of the defense counsel in this case, an investigator, or expert witness. No further dissemination of discovery material shall be made, and under no circumstances shall such material be available to any employee of

6

### I. Objection 1: The magistrate judge's failure to address the validity of Local Rule 16.1

King contends that the magistrate judge "should not have declined to address King's constitutional challenge to LR 16.1 based on FRCP 57 and the case law cited in his motion" because "[i]f LR 16.1 is invalid, then the [o]rder and corresponding relief that are based on it are also invalid." Docket 57 at 2; *see also id.* (asserting that the magistrate court's order "is based on LR 16.1, the Stipulation mandated by LR 16.1, and the standard order issued pursuant to LR 16.1"). King states that the order does not provide him "with any substantive relief from the restrictions in the stipulation and text order that are typically generated pursuant to LR 16.1." *Id.* King argues that Local Rule 16.1 is invalid because it violates Rules 5, 16, and 57 of the Federal Rules of Criminal Procedure. *Id.* at 5. King also maintains that Local Rule 16.1 violates the Fifth Amendment's right to a fundamentally fair trial and the Sixth Amendment's right to effective representation. Docket 46 at 10.

---

any attorney who was previously convicted of a felony but not restored to his or her civil rights. Any and all copies of discovery materials shall be returned to defense counsel at the completion of the case so that they can be destroyed by defense counsel. Defense counsel shall otherwise keep the items furnished in the possession of defense counsel, and the materials shall not be given to the Defendant or anyone else without the permission of the Court. Defense counsel may allow the Defendant to read the discovery materials, but only in the presence of defense counsel, the defense investigator, or a defense expert. It is further

ORDERED that all discovery materials not previously destroyed shall be returned to attorneys for the United States of America immediately upon final disposition of the case.

*E.g.*, Docket 26.

As the magistrate judge noted, the discovery order provides King some relief from the standard discovery order typically issued in most cases. *See* Docket 56 at 9-10. Relevant here, the magistrate judge's order permits King to review the discovery under the supervision of an attorney, paralegal, or investigator at the Federal Public Defender's office near his home in Boulder, Colorado. *Id.* at 10-11. The magistrate judge also waived the standard stipulation that must be signed by both parties under Local Rule 16.1 and noted that King qualifies for (and is currently represented by) CJA counsel, who can apply for and receive additional resources to aid in King's review of the discovery materials. *Id.* at 9-10. The magistrate judge explained that her order was based on exceptions "allowable under the local rules and appropriate in this case[,]" although she did not cite to any local rule specifying the exceptions. *Id.* at 9.

Because King does not have a general constitutional right to discovery, he must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the United States. King points to none. Instead, King argues that Local Rule 16.1 is invalid for a variety of reasons, presumably because the magistrate judge stated that her order was based on exceptions stemming from the local rules. *See id.* But King's contention that the magistrate court's order and corresponding relief are based on Local Rule 16.1 is misplaced.

In fact, the magistrate court's order is premised upon Federal Rule of Criminal Procedure 16, which allows the court to regulate discovery in criminal

8

cases. *See* Fed. R. Crim. P. 16(d)(1) ("At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."). In general, Rule 16 requires the United States to permit King's inspection of the discovery upon his request. *See* Fed. R. Crim. P. 16(a)(1)(A)-(E). The United States explains that it has complied with its Rule 16 obligations by making the appropriate discovery available for inspection at the United States Attorney's Office. Docket 52 at 4. Rule 16 also allows the court to curtail King's access to the discovery upon a showing of good cause by the United States. Fed. R. Crim. P. 16(d)(1). If King signed the stipulation as Local Rule 16.1 requires, King's counsel would have independent access to the discovery—for example, the United States could send the discovery to Murphy's office for Murphy's review—but Murphy would be precluded from giving the discovery materials to King and from allowing King unsupervised access to the discovery. *See* D.S.D. LR 16.1. But the magistrate judge waived the stipulation that is required under Local Rule 16.1. Docket 56 at 9-10. As such, Local Rule 16.1 is inapplicable here.

      Instead, the magistrate judge's order restricting King's access to the discovery and granting other appropriate relief stems from Rule 16 of the Federal Rules of Criminal Procedure. The magistrate judge found good cause under Rule 16(d)(1) to prevent King from having unfettered and unsupervised access to the discovery materials—namely, to prevent possible witness intimidation and to prevent King from obtaining information to engage in further criminal activity. *Id.* at 9. Merely because the order recited some

9

portions of Local Rule 16.1's standardized text order does not mean the magistrate judge's discovery order was "based on LR 16.1, the Stipulation mandated by LR 16.1, and the standard order issued pursuant to LR 16.1." Docket 57 at 2. As such, the court need not address whether Local Rule 16.1 is invalid—constitutionally or otherwise—because the magistrate court's order was grounded in Rule 16, not Local Rule 16.1.

    King is also incorrect in his assertion that the magistrate court's order does not provide him "with any substantive relief from the restrictions in the stipulation and text order that are typically generated pursuant to LR 16.1." *Id.* The magistrate judge provided King relief by allowing his attorney to arrange for King to review the discovery under the supervision of an attorney, paralegal, or investigator at the Federal Public Defender's office near King's home in Boulder, Colorado. Docket 56 at 10-11. This remedy veers sharply from the standard text order under Local Rule 16.1 and should help alleviate the headache created by the nearly six-hour drive between Rapid City and Boulder that King or Murphy (or Murphy's investigator or expert) would have to make under the Local Rule 16.1 standard text order. Further, the magistrate court's order authorizes Murphy, as an appointed CJA attorney, to apply for and receive additional resources to aid in the organization and review of the discovery materials. *Id.* at 9. These funds can empower Murphy to employ a legal assistant to aid Murphy in his review of discovery. Thus, King's objection is overruled.

## II.   Objection 2: The magistrate judge's finding that good cause exists to place limitations on King's access to discovery materials

King also objects to the magistrate judge's finding of good cause to restrict his access to the discovery materials. Docket 57 at 6. The magistrate judge found good cause exists to prevent possible witness intimidation and to prevent King from obtaining information to engage in further criminal activity. Docket 56 at 9. King argues that the "finding of good cause is not based upon the factual record" because "[t]here has not been an allegation that King has engaged in witness intimidation." Docket 57 at 7. Speculation is not sufficient to form good cause, King asserts, because witness intimidation is possible in every case. *Id.* King also argues that the record is devoid of any evidence King will obtain the discovery information to engage in further criminal activity. *Id.* at 8. King explains that "[t]he discovery does not contain information or materials that would enable King to engage in further criminal activity in a way that he couldn't already do." *Id.* At the heart of both arguments is King's contention that there should be specific factual findings, supported by the record, to justify limiting King's access to the discovery. *Id.* at 5, 8. Because the record here lacks evidence of witness intimidation and lacks evidence that the discovery contains information to enable King to engage in further criminal activity, King argues that good cause does not exist to limit his access to the discovery materials. *Id.*

The court agrees with the magistrate judge that good cause exists to limit King's access to discovery. Docket 56 at 9. Regardless of whether the

11

prevention of possible witness intimidation or engaging in further criminal activity are sufficient to satisfy the Rule 16's good cause standard, the limitation on King's access to the discovery materials is necessary to protect the integrity of ongoing investigations and related prosecutions. *See* D.S.D. Crim. LR 57.10. The Eighth Circuit has held that this general purpose—to protect the integrity of ongoing investigations and related prosecutions—satisfies Rule 16(d)'s good cause requirement. *See United States v. Ladeaux*, 61 F.4th 582, 586 (8th Cir. 2023) (holding good cause existed under D.S.D. Local Rule 57.10 to limit a defendant's access to certain discovery materials). Further, King is mistaken when he argues that the court must conduct an individualized, case-specific inquiry into whether the facts here support a finding of good cause to limit his discovery. Docket 57 at 5, 8. Although a case-specific analysis of the facts can assist the court in its good cause analysis "[t]he good cause requirement does 'not mandate an individualized inquiry.' " *Driscoll*, 122 F.4th at 1070 (quoting *Ladeaux*, 61 F.4th at 585-86)). Because good cause exists to limit King's access to the discovery, the court overrules King's objection.

## CONCLUSION

Because there was no clear error in the magistrate judge's discovery order, it is

ORDERED that King's motion for reconsideration (Docket 57) is denied. It is

FURTHER ORDERED that the magistrate judge's order (Docket 56) is affirmed as amended and supplemented by this opinion.

Dated July 2, 2025.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE
